IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-95-D |
| ) | |
| ROBERT VINNIK, ) | |
| CAROLINA MESROP, ) | |
| ) | |
| Defendants. | |

## ORDER

Before the Court is Defendant Robert Vinnik's Unopposed Motion to Continue Jury Trial [Doc. No. 267]. Shortly after Mr. Vinnik filed his motion, Defendant Carolina Mesrop filed an Unopposed Motion [Joining] Motion of Co-Defendant Robert Vinnik for Continuance of Jury Trial [Doc. No. 270]. For the reasons set forth herein, the motions are **GRANTED**.

## BACKGROUND

Mr. Vinnik is charged in a superseding indictment with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349; five counts of wire fraud in violation of 18 U.S.C. § 1343; and four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and 18 U.S.C. § 2. Mr. Vinnik appeared for arraignment before a magistrate judge on January 16, 2024 and was temporarily detained pending a detention hearing. On January 18, 2024, after a detention hearing, Mr. Vinnik was ordered detained pending trial. Mr. Vinnik's case was set on the Court's March 2024 jury trial docket.

Ms. Mesrop is charged in a superseding indictment with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Ms. Mesrop appeared for arraignment before a magistrate judge on November 17, 2023 and was released from custody pending the posting of a secured bond, which was secured that same day. The case was set on the Court's January 2024 jury trial docket. On December 12, 2023, Ms. Mesrop filed a motion to continue her trial to the Court's April 2024 jury trial docket. On December 15, 2023, the Court granted the motion and set the case on the April 2024 jury trial docket.

On February 29, 2024, Mr. Vinnik filed the instant motion to continue his trial to the Court's June 2024 jury trial docket. Counsel for Mr. Vinnik represents that discovery in this case is "voluminous." Counsel further represents that he needs additional time to review said discovery, file any necessary motions, and prepare for trial. On March 7, 2024, Ms. Mesrop filed a motion to join in Mr. Vinnik's motion to continue. Counsel for Ms. Mesrop states that, "for purposes of judicial economy it is normally prudent to schedule trials of co-defendants at the same time barring some unusual circumstances." Further, counsel states that "additional time for preparation is needed due to the voluminous discovery provided by the government."

The government does not oppose either motion, and Mr. Vinnik and Ms. Mesrop have each executed and filed a Speedy Trial Act waiver [Doc. Nos. 269, 270-1].

## ANALYSIS

The Court finds that the need for a continuance outweighs the best interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). To the extent the time limits set

forth in the Speedy Trial Act are implicated by the granting of this continuance, the continuance is in the interest of justice. For the reasons fully set forth in each motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence by counsel. Specifically, counsel for Mr. Vinnik and counsel for Ms. Mesrop need time to review voluminous discovery before filing any necessary motions and preparing for trial. Accordingly, proceeding to trial before June 2024 would deprive counsel of adequate time for effective preparation and representation.

In making these findings, the Court has fully considered the statutory factors set forth in §§ 3161(h)(7)(B) and (C), and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of these motions is excludable for purposes of the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

## CONCLUSION

Accordingly, Mr. Vinnik's case is stricken from the March 2024 jury trial docket, Ms. Mesrop's case is stricken from the April 2024 jury trial docket, and both cases are reset on the June 2024 jury trial docket. The parties shall file all pretrial motions, including motions in limine, by **May 21, 2024**. Responses to pretrial motions shall be filed within nine (9) days after the respective motion is filed. Requested voir dire and requested jury

instructions shall be filed by **May 28, 2024**. Objections to requested voir dire and requested jury instructions shall be filed within seven (7) days after the respective filing.

    **IT IS SO ORDERED** this 8th day of March, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge